IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| C.B., by his parents and next friends HEATHER BAHNER and JEFF BAHNER, and HEATHER BAHNER and JEFF BAHNER in their individual capacities,<br><br>Plaintiffs,<br><br>v.<br><br>UNIFIED SCHOOL DISTRICT NO. 321, Pottawatomie County, Kansas, *et al.*,<br><br>Defendants. | Case No. 24-2361-HLT-TJJ |

**DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION TO COMPEL**

**I.    Nature of the Matter Before the Court.**

Plaintiffs seek to compel responses to Interrogatory No. 6 and Request for Production No. 15 which seek information and documents about a report to Kansas Department for Children and Families ("DCF") made by a school district employee regarding student C.B. School district employees are mandatory reporters and subject to criminal prosecution for failure to report when they have reason to suspect abuse or neglect. K.S.A. 38-2223(a)(1)(C). These are statutorily mandated reporting obligations of the State of Kansas and not Defendant Unified School District No. 321, Pottawatomie County, State of Kansas (subsequently referred to in the Amended Complaint (ECF No. 22) as "District" which short-hand nomenclature will be adhered to herein). Defendant District can neither require nor prevent a mandatory reporter from making a report to DCF and, as such, the actions of the mandatory reporter cannot be attributed to Defendant District as an adverse action sufficient to support a retaliation claim under the Section 504 of the Rehabilitation Act, 29 U.S.C. § 794 and/or Title II of the Americans with Disabilities Act, 42

1

U.S.C. § 12132. This is particularly true given the lack of pleading in the Amended Complaint (ECF No. 22) necessary to overcome immunity or the presumption of good faith. As such, Plaintiffs desire to learn through discovery in this case what they cannot elsewise obtain – the identity of the reporting individual – serves no valid purpose, being outside the scope of discovery and should be foreclosed to maintain the strong public policy interest in protecting mandated reporters from potential retaliation. For these reasons, Plaintiffs' Motion to Compel (ECF No. 28) should be denied.

**II.** **Statement of Facts.** The facts relevant to Plaintiffs' Motion (ECF No. 28) are those set forth with specificity in the Amended Complaint (ECF No. 22).

**III.** **Legal Arguments and Authorities.** Because this matter is before the Court on a motion to compel based on objections and answers/responses to certain written discovery, Plaintiffs, as the moving parties, are required to identify the specific discovery responses they contend are deficient.

    **A.** **Legal Standards Applicable to Plaintiff's Motion to Compel and the Scope of Discovery.** "The 2015 amendment to Rule 26 deleted the 'reasonably calculated to lead to the discovery of admissible evidence' phrase [] because it was often misused to define the scope of discovery and had the potential to 'swallow any other limitation.'" Brown v. Panhandle Eastern Pipeline Company LP, No. 16-cv-2428-JAR-TJJ, 2018 WL 263238, at *2 (D. Kan. Jan. 2, 2018) (quoting the Fed.R.Civ.P. 26(b)(1) advisory committee's note to 2015 amendment). Rule 26 now requires proportionality concerns to be taken into consideration. See Fed.R.Civ.P. 26(b)(1). The parties and counsel are expected to "effectively limit" the scope of their discovery with the proportionality amendments of Fed.R.Civ.P. 26(b)(1) in mind. Fish v. Kobach, Order Governing Discovery, No. 16-2105-JAR-JPO, 15-9300-JAR-JPO, 2016 WL 893787 (D. Kan. March 8,

2016), citing Terracon Consultants Inc. v. Drash, No. 12-2345, 2013 WL 1633572, at *1 (D. Kan. Apr. 16, 2013).  Proportionality is often a question of "whether discovery production has reached a point of diminishing returns," and about the "marginal utility" of additional discovery once the core discovery in the case has been completed.  Abbott v. Wyoming Cty. Sheriff's Office, No. 15-CV-531W, 2017 WL 2115381, at *2 (W.D.N.Y. May 16, 2017) (considerations of proportionality can include reviewing whether discovery production has reached a point of diminishing returns); see Alaska Elec. Pension Fund v. Bank of Am. Corp., No. 14-CV-7126 (JMF), 2016 WL 6779901, at *3 (S.D.N.Y. Nov. 16, 2016) ("Rule 26(b)(1)'s proportionality requirement means [that a document's] 'marginal utility' must also be considered.") (citations omitted); Updike v. Clackamas County, No. 3:15-CV-00723-SI, 2016 WL 111424, at *1 (D.Or. Jan. 11, 2016) ("There is a tension, however, among the objectives of Rule 1.  As more discovery is obtained, more is learned.  But at some point, discovery yields only diminishing returns and increasing expenses.  In addition, as more discovery is taken, the greater the delay in resolving the dispute.  Finding a just and appropriate balance is the goal, and it is one of the key responsibilities of the court in managing a case before trial to assist the parties in achieving that balance.").

      **B.**    **Defendants should not be compelled to respond further to Interrogatory No. 6 and Request for Production No. 15.**

The State of Kansas goes to great lengths to protect the confidentiality of information and records pertaining to investigations of reports concerning suspected child abuse or neglect and to protect those individuals who are mandatorily required to report where he or she has reason to suspect that a child has been harmed as the result of physical, mental or emotional abuse or neglect. See K.S.A. 38-2209(b) (imposing criminal liability for disclosure of confidential information) and K.S.A. 338-2212(c) ("Information authorized to be disclosed in this subsection shall not contain

information that identifies a reporter of a child alleged or adjudicated to be a child in need of care."). Persons who make or participate in making reports to DCF have immunity from civil liability. K.S.A. 38-2223(f); *see also* Child Abuse Reauthorization Act, Federal Immunity Clause, 34 U.S.C. § 20342 (providing immunity and establishing a presumption of good faith).

K.S.A. 38-2212(f) does provide that "a court of competent jurisdiction, after *in camera* inspection, may order disclosure of confidential agency records pursuant to a determination that the disclosure is in the best interests of the child who is the subject of the reports or that the records are necessary for the proceedings of the court. The court shall specify the terms of disclosure and impose appropriate limitations." Thus, at a minimum, should the court be inclined consider compelling responses to the discovery at issue, this statutory process should be followed. However, as addressed below, the court need not engage in such in camera review as, based on the pleadings and the law, the discovery sought is not necessary for these proceedings nor is it in the best interest of the child, C.B.

Generally, "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable." Fed.R.Civ.P. 26(b)(1). The claims, at this stage of the litigation, are those set forth in the pleadings – Plaintiffs' Amended Complaint (ECF No. 22).

Although Plaintiff C.B. pursues eight (8) claims against Defendant Unified School District No. 321, Pottawatomie County, State of Kansas (subsequently referred to in the Amended

4

Complaint (ECF No. 22) as "District")[1], three (3) claims against Defendants Sarah Sanders (the Director of Special Education) and Taylor Hurla (C.B.'s special education teacher)[2] and six (6) against Defendant Albert Bahret (a paraprofessional)[3], the only claim relevant to the issues raised in Plaintiff's Motion to Compel (ECF No. 28) is the claim of Plaintiffs Heather Bahner and Jeff Bahner (C.B.'s parents) against Defendant District for alleged retaliation in violation of Section 504 of the Rehabilitation Act, 29 U.S.C. § 794 and/or the Americans with Disabilities Act, 42 U.S.C. § 12132. Count V of Amended Complaint (ECF No. 22).

In Count V of Amended Complaint (ECF No. 22), p. 25 ¶ 174(b), Plaintiffs Heather Bahner and Jeff Bahner allege that "A District employee reported false or misleading information to the Kansas Department of Children and Families ("DCF") regarding Heather and Jeff Bahner's treatment of C.B., shortly after and in close temporal proximity to the Bahners' advocating for

---

[1] Plaintiff C.B. asserts eight (8) claims against Defendant District for: (1) disability discrimination in violation of Section 504 of the Rehabilitation Act, 29 U.S.C. § 794 and/or the Americans with Disabilities Act, 42 U.S.C. § 12132; (2) violation of his U.S. Constitution 14th Amendment substantive due process rights in connection with his liberty interests in bodily integrity and personal security, and in meaningful access to a free public education pursuant to 42 U.S.C. § 1983; (3) violation of his U.S. Constitution 4th Amendment right against unreasonable seizure pursuant to 42 U.S.C. § 1983; (4) violation of C.B.'s U.S. Constitution 14th Amendment equal protection rights pursuant to 42 U.S.C. § 1983; (5) intentional infliction of emotional distress; (6) negligence; (7) battery; and (8) false imprisonment. Counts I-IV & VI-IX of Amended Complaint (ECF No. 22).

[2] Plaintiff C.B. pursues claims pursuant to 42 U.S.C. § 1983 against individual Defendants Sanders and Hurla for: (1) violation of his U.S. Constitution 14th Amendment substantive due process rights in connection with his liberty interests in bodily integrity and personal security, and in meaningful access to a free public education; (2) violation of his U.S. Constitution 4th Amendment right against unreasonable seizure; and (3) violation of C.B.'s U.S. Constitution 14th Amendment equal protection rights. Counts II-IV of Amended Complaint (ECF No. 22). Defendant Sanders is generally alleged to have "supported and encouraged her subordinates [Defendants Hurla and Bahret] to unlawfully restrain, seclude, and deprive C.B. of an equal opportunity to participate in or benefit from the District's educational programs." Amended Complaint (ECF No. 22), pp. 2 & 6 ¶¶ 5 & 35. Defendant Hurla is generally alleged to have "supported and encouraged her subordinate [Defendant Bahret] to unlawfully restrain, seclude, and deprive C.B. of an equal opportunity to participate in or benefit from the District's educational programs." Amended Complaint (ECF No. 22), pp. 2 & 6 ¶¶ 6 & 34.

[3] Plaintiff C.B. pursues claims against individual Defendant Bahret for: (1) violation of his U.S. Constitution 14th Amendment substantive due process rights in connection with his liberty interests in bodily integrity and personal security, and in meaningful access to a free public education pursuant to 42 U.S.C. § 1983; (2) violation of his U.S. Constitution 4th Amendment right against unreasonable seizure pursuant to 42 U.S.C. § 1983; (3) violation of C.B.'s U.S. Constitution 14th Amendment equal protection rights pursuant to 42 U.S.C. § 1983; (4) intentional infliction of emotional distress; (5) battery; and (6) false imprisonment. Counts II-IV, VI & VII-IX of Amended Complaint (ECF No. 22). Defendant Bahret is generally alleged to have "unlawfully restrained, secluded, and deprived C.B. of an opportunity to participate in or benefit from the District's educational programs." Amended Complaint (ECF No. 22), pp. 2 & 6 ¶¶ 7 & 33.

continued removal of Mr. Bahret as C.B.'s paraprofessional as a result of the Treatment of C.B. based on his Disabilities." Nowhere in the Amended Complaint (ECF No. 22) do Plaintiffs allege that the District employee who reported concerns to DCF did so "with malice". Indeed, the allegations specific to Count V do not mention malice at all. In the absence of "malice" anyone who "participates in the making of a report to the secretary or a law enforcement agency relating to a suspicion a child may be a child in need of care or who participates in any activity or investigation relating to the report or who participates in any judicial proceeding resulting from the report shall have immunity from any civil liability that might otherwise be incurred or imposed." K.S.A. 38-2223(f); *see also* 34 U.S.C. § 20342 (mandatory reporter presumptively acts in good faith). Given the absence in the pleadings of any facts or even conclusory allegations of malice or lack of bad faith in connection with the claim of retaliation or the allegation concerning the report to DCF, the discovery sought is not relevant to the claim or necessary to these proceedings or proportional to the needs of this case.

Notably, intentionally preventing or interfering with the making of a report is a class B misdemeanor. K.S.A. 38-2223(e)(2). Moreover, "[n]o employer [to include Defendant District] shall terminate the employment of, prevent or impair the practice or occupation of, or impose any other sanction on, any employee because the employee made an oral or written report to, or cooperated with an investigation by, a law enforcement agency or the secretary relating to harm inflicted upon a child which was suspected by the employee of having resulted from the physical, mental or emotional abuse or neglect or sexual abuse of the child" with any employer doing so being subject to a class B misdemeanor. K.S.A. 38-2224. And, where a report has been made, a school district, such as Defendant District, is required to cooperate with investigative agencies. K.S.A. 38-2226(g). Defendant District has no ability to require or prevent an employee who is a

6

mandatory reporter from reporting to DCF and the actions of such a mandatory reporter cannot be imputed to Defendant District as an action of the District.

Defendants recognize that some courts in other jurisdictions have concluded that, based on the facts alleged in the pleadings pending in those courts, that making a false report to that jurisdictions equivalent of DCF might constitute an adverse action that could support a retaliation claim. However, those allegations are not the ones before the court in this case and other courts had held that te filing of a DCF report by a mandatory reporter is not considered to be an "adverse action" that could support the type of retaliation case being pursued by Plaintiffs. E.C. v. U.S.D. No. 385, 2019 WL 2073927 (D.Kan. May 10, 2019). Since mandatory reporters are immune in the absence of malice and no malice is asserted, the discovery sought by Plaintiffs is beyond the scope of discovery permitted by Fed.R.Civ.P. 26 and, if permitted, would be contrary to the public policy concerns evidenced by the Kansas statutory scheme that is designed to protect those individuals who are required to make reports.

Finally, given the criminal jeopardy placed on Defendants under the Kansas statutes for failure to report, making a false report and disclosing confidential DCF information (which includes both the identity of the reporting party and the information included in the DCF report), this discovery also places Defendants in potential criminal jeopardy. Accordingly, Defendants assert their 5th Amendment right to not self-incriminate as an additional reason for not being required to respond to the discovery at issue.

IV.     **Conclusion.**   For these reasons, Plaintiffs' Motion (ECF No. 28) should be denied.

Respectfully submitted,

McANANY, VAN CLEAVE & PHILLIPS, P.A.
10 E. Cambridge Circle Drive, 300
Kansas City, Kansas 66103
Telephone:  (913) 371-3838
Facsimile:  (913) 371-4722
E-mail: ggoheen@mvplaw.com

By:  /s/ Gregory P. Goheen
    Gregory P. Goheen    #16291

Attorneys for Defendant USD No. 321 Unified School District No. 321, Pottawatomie County, Kansas, Sarah Sanders, Taylor Hurla and Albert Bahret

## CERTIFICATE OF SERVICE

I hereby certify that on the 14th day of March, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system to:

Matthew J. Rogers
Barber Emerson, LC
1211 Massachusetts Street
PO Box 667
Lawrence, KS 66044
Attorneys for Plaintiffs

/s/ Gregory P. Goheen